LEROY K. KAHAKU AND COLLEEN K. KAHAKU, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kahaku v. Commissioner
Docket No. 20032-86
United States Tax Court
T.C. Memo 1990-34; 1990 Tax Ct. Memo LEXIS 34; 58 T.C.M. (CCH) 1247; T.C.M. (RIA) 90034; January 18, 1990
*34 P, a professional guitarist, maintained a home office which he used exclusively and regularly in his business as a musician. P practiced 30 hours per week in his home office and maintained his business records there. P performed 12 and eight hours per week in a restaurant during 1983 and 1984, respectively. P incurred automobile and depreciation expenses on business trips between his home office, the restaurant where he performed, music stores and audition sites. Held, under all of the facts and circumstances, P's home office was his principal place of business with respect to his business as a musician. Soliman v. Commissioner, 94 T.C. (1990), followed. Held further, P may deduct the automobile expenses that he incurred on business trips between his home office, the restaurant where he performed, music stores and audition sites under I.R.C. section 162(a). Curphey v. Commissioner, 73 T.C. 766 (1980), followed. Held further, Ps are liable for additions to tax under I.R.C. section 6653(a)(1) and 6653(a)(2) on an underpayment for 1983 which was attributable to a deficiency that was conceded in *35 their petition. Randall M. L. Yee, for the petitioners. Jonathan J. Ono, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Chief Judge: Respondent determined *36 the following deficiencies in and additions to petitioners' Federal income taxes: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1983
$ 3,247.00
$ 162.35 to be determined 1984
2,170.00
108.50 to be determined (Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.) After concessions, the issues for decision are whether (1) petitioners are entitled to deduct under section 162(a) certain automobile and depreciation expenses that petitioner Leroy K. Kahaku (Leroy) incurred during the years in issue in traveling between his home office, the restaurant where he performed, music stores and audition sites; and (2) petitioners are liable for additions to tax within the meaning of section 6653(a)(1) and 6653(a)(2) for 1983 and 1984. FINDINGS OF FACT Petitioners resided in Waianae, Hawaii, at the time their petition was filed. Petitioners filed joint Federal income tax returns for the years in issue. During the years in issue, Leroy was a self-employed professional guitarist. *37 He had no other occupation. He performed three and two nights per week during 1983 and 1984, respectively, at Nick's Fishmarket restaurant (Nick's) on Waikiki Beach in Honolulu, Hawaii. Leroy was a solo guitarist and would play for a total of four hours during each night's performance. During 1983 and 1984, he performed 12 hours and eight hours per week, respectively. Leroy was not permitted to practice at Nick's or to maintain an office there. During 1983 and 1984, Leroy resided in his father-in-law's house. Leroy did not pay his father-in-law rent. One room in the house was set aside for Leroy's exclusive use as an office or studio (the room or home office). In 1980, Leroy had installed soundproof paneling in the room. The room was furnished with a stool, a desk, a couch, a cabinet, a telephone, guitars, stereo components, tapes, records, sheet music and book music. In his home office, during 1983 and 1984, Leroy maintained all of his business records, practiced approximately 30 hours per week, recorded music and listened to music. Leroy used the room exclusively for such purposes. It was not used for social or personal purposes. During 1983 and 1984, Leroy and his *38 wife, petitioner Colleen K. Kahaku (Colleen), owned a 1977 Mercedes 450 SEL (the car). The car was the only automobile that they owned, and Leroy used it to travel between his home office, Nick's, music stores and audition sites. During the years in issue, Colleen worked as a flight attendant for United Airlines. On average, Colleen was home at most four days per week during 1983 and 1984. Petitioners maintained records of the car's mileage and its expenses in a diary. On Schedule C of their 1983 and 1984 joint Federal income tax returns, petitioners reported the following amounts in connection with Leroy's use of the car: Total
Business
Percentage of
Incurred
Expense
Year
Miles
Miles
Business Use
Auto Expense
Claimed*
Depreciation
1983
31,481
23,611
75
$ 7,120
$ 5,340
$ 5,885
1984
17,921
13,441
75
6,363  4,772  3,350  Total
Year
Deduction
1983
$ 11,225
1984
8,122   The incurred auto expenses for 1983 and 1984 included gasoline, repairs and routine maintenance. By amended return for 1983 filed on April 12, 1985, petitioners *39 reduced their claimed depreciation deduction from $ 5,885 to $ 3,739. Thus, the total deduction claimed for 1983 was $ 9,079. By statutory notice of deficiency, dated March 17, 1986, respondent disallowed petitioners' claimed automobile and depreciation deductions in the amounts of $ 8,581 and $ 7,689 for 1983 and 1984, respectively. Respondent determined that petitioners had failed to establish that their automobile and depreciation expenses were ordinary and necessary business expenses. OPINION The issue for decision is whether petitioners are entitled to deduct automobile and depreciation expenses incurred by Leroy, an independent contractor, in driving between his home office, the restaurant where he performed, music stores and audition sites. Expenses incurred by a taxpayer in commuting between his home and his place of business are personal and nondeductible. Commissioner v. Flowers, 326 U.S. 465, 473-474 (1946); Heuer v. Commissioner, 32 T.C. 947, 951-952 (1959), affd. per curiam 283 F.2d 865 (5th Cir. 1960); see also section 1.262-1(b)(5), Income Tax Regs. *40 Expenses incurred in traveling between two places of business, however, are deductible. Steinhort v. Commissioner, 335 F.2d 496, 503-504 (5th Cir. 1964), affg. and remanding T.C. Memo. 1962-233; Heuer v. Commissioner, supra at 953. Therefore, expenses incurred in traveling between a home office and other business locations are deductible under section 162(a) provided the home office is the taxpayer's principal place of business with respect to the business activities involved. Curphey v. Commissioner, 73 T.C. 766, 777-778 (1980); see also Wicker v. Commissioner, T.C. Memo. 1986-1; McKinsey v. Commissioner, T.C. Memo. 1984-514; Worden v. Commissioner, T.C. Memo. 1981-366. Respondent does not dispute that in 1983 and 1984 Leroy's sole business was that of professional musician or that Leroy used his home office exclusively and regularly in his business. Respondent contends, however, that Leroy's principal place of business was not his home office, but was Nick's. Thus, respondent asserts that Leroy's claimed automobile expenses are nondeductible personal commuting *41 expenses. We do not agree. In determining whether a home office constitutes a taxpayer's principal place of business, we look to section 280A(c)(1)(A). Section 280A(c)(1)(A) permits the deduction of home office expenses if a portion of the home is exclusively used on a regular basis as the principal place of business for any trade or business of the taxpayer. Until recently, we applied what was known as the "focal point" test to determine whether a taxpayer's home office constituted his "principal place of business" within the meaning of section 280A(c)(1)(A). See Soliman v. Commissioner, 94 T.C. (1990) (slip op. at 8-9). The "focal point" test looked only to the place where services were performed and income was generated. Soliman v. Commissioner, supra (slip op. at 9). In Soliman, supra (slip op. at 10), we abandoned the "focal point" test where, as here, a taxpayer's only office is his home office, and instead held it appropriate to apply a "facts and circumstances" test. In Soliman, we stated: *42 A principal place of business is not necessarily where goods and services are transferred to clients or customers but is frequently the headquarters of a business. Furthermore, where no other suitable office is provided for essential organizational activities of a business, the fact that goods or services are delivered elsewhere should not per se require a conclusion that a home office is other than the principal place of business. The inquiry is appropriately into the surrounding facts and circumstances. See Weissman v. Commissioner, [751 F.2d 512 (2d Cir. 1984), revg. T.C. Memo. 1983-724]. Some factors that must be considered are the business exigencies for having a home office, whether the functions performed in the home office are essential to the conduct of business, whether the office is suitable for the essential business functions performed there, the time spent in the home office, and the expenditure to establish the home office. * * * Although Leroy performed solely at Nick's and all of his earnings as a professional musician were generated there, we find that under all of the facts and circumstances Leroy's principal place of business *43 was his home office. The activities Leroy performed in his home office were distinct from those he performed at Nick's. He maintained business records, practiced the guitar, recorded music and listened to music. These activities were essential to Leroy's work as a musician. In order to carry on his business as a professional guitarist, it was essential for Leroy to keep abreast of current music and to record practice sessions on tape which could be studied and supplied to potential customers. Practice was also essential to Leroy's business as a guitarist, and he practiced an average of 30 hours per week in his home office. See Drucker v. Commissioner, 715 F.2d 67 (2d Cir. 1983), revg. 79 T.C. 605 (1982). Leroy was not permitted to practice at Nick's and he was not provided with office space there. Leroy, along with Colleen, managed and coordinated his music business in his home office. In this case, Leroy had no place other than his home office in which to manage his business. The home office was suitable for the essential business functions that he performed there. It contained furnishings, such as stereo components, tapes, records, sheet music, *44 book music and soundproof paneling, which were necessary to his music business. Section 280A was not enacted to compel a taxpayer to rent office space rather than to work out of his own home. Soliman v. Commissioner, supra (slip op. at 11-12). We hold that under all of the facts and circumstances Leroy's home office was his principal place of business. We note that respondent has not challenged petitioners' substantiation of Leroy's automobile expenses or the mileage claimed. We find that Leroy incurred automobile and depreciation expenses from his business use of the car in the following amounts: Year
Auto Expense
Depreciation
1983
$ 5,340
$ 3,739
1984
4,772  3,350  Accordingly, petitioners may deduct these automobile and depreciation expenses. Additions to Tax
Respondent determined that petitioners were liable for additions to tax under section 6653(a)(1) and 6653(a)(2) for 1983 and 1984 in his statutory notice of deficiency. Petitioners bear the burden of proving that respondent's determination is erroneous. Rule 142(a). Petitioners *45 have failed to offer any evidence showing that they were not negligent with respect to that part of the 1983 deficiency that was conceded in their petition. Therefore, additions to tax under section 6653(a)(1) and 6653(a)(2) are applicable to the 1983 underpayment. However, we have determined that there is no underpayment for 1984. Thus, additions to tax under section 6653(a)(1) and 6653(a)(2) are inapplicable for 1984. Decision will be entered under Rule 155. Footnotes
*. Expense Claimed - Percentage of Business Use X Incurred Auto Expense↩