T.C. Memo. 1999-148

UNITED STATES TAX COURT

JOHN A. AND MARGARET R. GOSLING, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22586-97.                    Filed May 3, 1999.

John A. Gosling, pro se.

Ross M. Greenberg, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the taxable years in
                                        (continued...)

Respondent determined deficiencies in petitioners' Federal income taxes for the taxable years 1993 and 1994 in the amounts of $3,942 and $2,725, respectively.

After concessions by petitioners,[2] the issue for decision is whether petitioners are entitled to certain deductions.  Our disposition of this issue will depend upon whether petitioner husband's home office constitutes his principal place of business.  We hold that petitioner husband's home office was his principal place of business and that petitioners are therefore entitled to the deductions at issue herein.

### FINDINGS OF FACT

Some of the facts have been stipulated, and are so found. Petitioners resided in Savannah, Georgia, at the time that their petition was filed with the Court.

---

[1](...continued)
issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  Petitioners concede that they are not entitled to deductions for the following expenses:

| Expense claimed | 1993 | 1994 |
| --- | --- | --- |
| Advertising | $100 | $108 |
| Office | 485 | -- |
| Travel | 6,475 | 6,960 |
| Other expenses | 271 | 335 |
| Insurance | 1,897 | 705 |

During the years in issue, petitioner husband (petitioner) was primarily employed as the music director of the Hilton Head Orchestra, a community orchestra, and the Hilton Head Choral Society (collectively, Hilton Head). As a music director, petitioner rendered services in a number of capacities: as a conductor, as an organizer or producer, and as an impresario. During that same year, petitioner was also employed as the choir conductor for the First Presbyterian Church, and as an adjunct professor of music at the University of South Carolina, Hilton Head branch. For a brief period during 1993, petitioner was employed as the principal guest conductor of the Savannah Orchestra. None of the various entities that employed petitioner provided him with an office.

Petitioners reside in a four bedroom single-family home. Throughout the years in issue, the fourth bedroom of petitioners' house was used exclusively by petitioner as a home office. The room was set up as a typical office, containing a desk, shelving, a computer, filing cabinets, and other office equipment used by petitioner to perform business-related duties.

Petitioner spent the majority of his working hours at his home office. Part of that time he performed duties related to his position as a conductor. An important aspect of petitioner's job as a conductor was to select the repertoire for each concert. Selecting the repertoire was a time consuming process, and

petitioner spent much time at his home office performing that duty.  Petitioner also spent time preparing for concerts by studying scores, researching the composer and musical epoch, and evaluating the caliber of individual participating musicians.

Petitioner also used his home office to perform duties that related to his position as an organizer for Hilton Head.  In that capacity, he was both a manager as well as an administrator. Petitioner used his home office to negotiate contracts for future engagements, prepare schedules for upcoming events, reserve facilities, and obtain licensing rights.  Petitioner also spent a substantial amount of time on the phone coordinating the hiring of musicians and the procurement of instruments.  Further, he used his home office to prepare promotional literature for upcoming concerts and to write short story books which he utilized in conjunction with children's concerts.  Also at the home office, petitioner met with new musicians, counseled performers, and held minor rehearsals.

Further, an important aspect of petitioner's role as a music director was to act as the impresario, responsible for attracting talented and well known soloists to perform at Hilton Head. Petitioner used his home office to establish and maintain contact with such performers.  Almost all of petitioner's efforts in this regard were carried out from his home office.

A smaller portion of petitioner's time was spent at the Hilton Head concert hall rehearsing performances and conducting concerts.  Petitioner traveled about 120 miles (round trip) to perform these duties at the Hilton Head concert hall.

On petitioners' returns for 1993 and 1994, petitioners claimed home office expense deductions in the amounts of $1,094 and $1,106, respectively.[3]  Petitioners also claimed car and truck expense deductions in the amounts of $6,720 for 1993 and $6,000 for 1994.[4]

## OPINION

Section 162(a) allows a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.

Section 280A(a) provides that in the case of a taxpayer who is an individual, no deduction otherwise allowable under chapter 1 of the Internal Revenue Code (relating to normal taxes and surtaxes) shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence.  Section 280A(c) provides for exceptions to the general rule of section 280A(a).  As pertinent herein, section

---

[3]  Respondent concedes that there is no issue as to substantiation and does not contend that the ratio of expenses allocated to the home office exceeds the proper allocation.

[4]  Similarly, respondent concedes that these expenses have been substantiated.

280A(a) shall not apply to any item to the extent that such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis as the principal place of business for any trade or business of the taxpayer. See sec. 280A(c)(1)(A). Petitioners are therefore entitled to the home office deduction only if the home office was exclusively used on a regular basis as the principal place of petitioner's business.

Similarly, petitioners' entitlement to the car and truck expense is also dependent upon petitioner's home office's meeting the requirements of section 280A(c)(1)(A). The commuting expense from a taxpayer's home to his regular place of business is generally a nondeductible expense. See sec. 1.162-2(e), Income Tax Regs. By contrast, expense of travel between a taxpayer's home office and another place of business is not commuting expense and is deductible under section 162(a), if the home office is the taxpayer's principal place of business within the meaning of section 280A(c)(1)(A). See Curphey v. Commissioner, 73 T.C. 766, 777-778 (1980).

We have found that petitioner's home office was used exclusively and regularly in petitioner's business. We now consider whether petitioner's home office was his principal place of business.

In Commissioner v. Soliman, 506 U.S. 168 (1993), the Supreme Court identified two primary factors to be considered in deciding

whether a home office is the taxpayer's principal place of business: (1) The relative importance of the activities performed at each business location, and (2) the time spent at each place. See id. at 175. The relative importance of the activities performed at each business location is to be determined by the basic characteristics of the taxpayer's particular business. The point where goods and services are delivered must be given great weight in determining the place where the most important functions are performed. See id.

We think that the importance of the activities performed at petitioner's home office and the amount of time spent on such activities support the conclusion that petitioner's home office was his principal place of business. In so concluding, we rely heavily on the fact that petitioner was not only a conductor but rendered services in a number of other capacities. In those other capacities, petitioner's most important functions were performed at his home office. Cf. Genck v. Commissioner, T.C. Memo. 1998-105.

Petitioner's role as an organizer dictated that he actually perform, rather than merely prepare for, a substantial amount of his important duties at the home office. From his home office, essentially his center of operations, he carried out his managerial and administrative duties. It was there that he coordinated almost every logistical aspect of an upcoming

concert. He also performed his duties as Hilton Head's impresario from that location. Finally, he performed part of his duties as a conductor, e.g., selecting the repertoire, at his home office. His home office was therefore the point of delivery of a substantial portion of his services.

Also important is the fact that petitioner spent the majority of his working hours at his home office. This factor bolsters the conclusion that petitioner's home office was not just an ancillary place of business, but rather the principal place of his business.

Having considered the importance of the activities performed at petitioner's home office and the amount of time spent on such activities, we are convinced that petitioner's principal place of business was his home office.

In light of the foregoing, we hold that petitioners are entitled to the deductions for home office and car and truck expenses at issue herein.

To reflect our disposition of the disputed issue, as well as petitioners' concessions,

<u>Decision will be entered under Rule 155.</u>