116 T.C. No. 17

UNITED STATES TAX COURT

SAM H. PATTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16428-99.                    Filed April 13, 2001.

For 1995, P elected, under sec. 179, I.R.C., to expense a depreciable asset. R examined P's 1995 Federal income tax return and reclassified as depreciable three assets that P had originally classified as "materials and supplies". Following R's reclassification, P sought R's consent to expense the three reclassified assets under sec. 179, I.R.C. P was unable to revoke (modify or change) his election without R's consent. R refused to give P consent to revoke (modify) his original election.

<u>Held</u>: R's refusal to consent, considering the facts in this case, was not an abuse of discretion.

<u>Hugh T. Echols, Sr.</u>, for petitioner.

<u>Gordon P. Sanz</u>, for respondent.

## OPINION[1]

GERBER, Judge:  Respondent determined a deficiency in petitioner's 1995 Federal income tax of $26,526, a penalty pursuant to section 6662(a)[2] of $5,305, and a late-filing addition to tax pursuant to section 6651(a)(1) of $5,305.  After concessions,[3] the issue remaining for our consideration is whether respondent abused his discretion in refusing to grant consent to petitioner to revoke (modify or change) his 1995 election to expense depreciable business assets under section 179.

Background

Sam H. Patton (petitioner) resided in Houston, Texas, on October 22, 1999, the date his petition was filed.  Petitioner was self-employed as a welder during the 1995 calendar year. Petitioner timely filed his 1995 Federal income tax return (1995 return) and reported a business loss in the amount of $36,271 and

---

[1] This case was submitted fully stipulated under Rule 122 of this Court's Rules of Practice and Procedure.

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable periods under consideration, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3] Petitioner concedes that he is liable for the accuracy-related penalty pursuant to sec. 6662(a) for the 1995 taxable year.  Respondent concedes that petitioner is not liable for an addition to tax pursuant to sec. 6651(a)(1) for the 1995 taxable year.  Several other agreements and concessions made by the parties in the stipulation of facts are accepted and should be reflected in the final disposition of this case.

a total loss of $38,829. As part of the 1995 return, petitioner elected to expense a plasma torch under section 179 in the amount of $4,100. At the time petitioner filed his 1995 return, he was unable to deduct the $4,100 section 179 expense because of the reported business loss.

In connection with the examination of petitioner's 1995 return, respondent reconstructed petitioner's income by means of a bank deposit analysis. The analysis resulted in respondent's determination that petitioner failed to report $135,638 of gross receipts from the welding business on Schedule C. Petitioner reduced income by classifying as "materials and supplies" the following items: (1) Miller 450 amp reach; (2) extended reach feeder; and (3) Webb turning roller. Respondent determined that these were capital assets that should have been depreciated as tangible business property as follows:

| Item | Elected cost | Date placed into service | Cost recovery period |
|------|------|------|------|
| (1) Miller 450 amp reach | $7,500 | Feb. 1995 | 5 years |
| (2) Extended reach feeder | 3,200 | Aug. 1995 | 7 years |
| (3) Webb turning roller | 2,700 | Apr. 1995 | 5 years |

As a result of respondent's determinations, petitioner's welding business would have a profit in excess of $17,500 instead of a loss. Petitioner sought respondent's consent to revoke, amend, or modify his section 179 election so as to expense the three assets respondent determined were depreciable. Respondent denied petitioner's request to modify his original section 179

election to include the three assets that were recharacterized as depreciable.

Discussion

Petitioner made a section 179 election, in conjunction with his original 1995 return, to expense the cost of a depreciable business asset. The expense could not be utilized in the 1995 year because the asset was used in a business activity that reported a loss for the 1995 year. See sec. 179(b)(3)(A). After examination, respondent reclassified three assets as depreciable business assets and made other adjustments, which collectively resulted in 1995 taxable income for petitioner's business. For the 1995 tax year, petitioner had classified the three assets as "materials" or "supplies" and reduced income by their cost. In response to respondent's determination, petitioner sought respondent's consent to modify his original section 179 election by adding the three reclassified depreciable business assets. With respondent's consent, petitioner would be able to offset the profit determined by respondent. Respondent declined petitioner's request for consent to revoke or modify the original election. Petitioner contends that it was respondent's reclassification of the assets that triggered the availability or possibility of treating them as section 179 expenses and that he should be entitled to add those assets to his election.

Section 179(a) generally allows a taxpayer to elect to treat the cost of section 179 property as a current expense in the year the property is placed in service, within certain dollar limitations.[4]  See sec. 179(b).  The election must specify the items of section 179 property to which the election applies and the portion of the cost of each item which is to be taken into account under section 179(a).  See sec. 179(c)(1)(A); sec. 1.179-5(a)(1) and (2), Income Tax Regs.  Moreover, a section 179 election must be made on the taxpayer's first income tax return (whether or not the return is timely) or on an amended return filed within the time prescribed by law (including extensions) for filing the original return for such year.  See Genck v. Commissioner, T.C. Memo. 1998-105; sec. 179(c)(1)(B); sec 1.179-5(a), Income Tax Regs.  An election made under section 179 and any specifications contained in such election may not be revoked (modified or changed) without the Secretary's consent.  See sec. 179(c)(2); King v. Commissioner, T.C. Memo. 1990-548.

Petitioner argues that respondent's refusal to consent to petitioner's request to revoke or modify his election so as to include the recharacterized assets is contrary to the spirit of

---

[4] The parties agree that the assets would have qualified as sec. 179 property if petitioner had made an election with respect to them on his original 1995 return.  The parties also agree that petitioner had sufficient income from the welding business to have deducted $17,500, the maximum amount allowable under sec. 179 for the 1995 tax year.

section 179. Petitioner also argues that his failure to amend his return and make the election with respect to the three assets was due to circumstances beyond his control; i.e., petitioner was not aware that the three assets would qualify under section 179 until respondent had reclassified them as depreciable business assets. Petitioner contends that respondent's denial is, in these circumstances, inequitable. Respondent argues that petitioner is bound by his original section 179 expense election and limited to $4,100 as shown on petitioner's original 1995 Federal income tax return. We agree with respondent.

Petitioner perceives that his dilemma was caused by respondent's actions and by timing. Petitioner points out that it was respondent's determination, after the period within which petitioner could make a timely election, that necessitated petitioner's request for consent to revoke. Petitioner, in arguing that it is inequitable for respondent to deny the request for revocation (addition of the three assets), in essence, questions whether respondent's refusal was an abuse of discretion. This is the first instance where we have considered whether respondent's refusal to grant a consent to revoke an election under section 179 was an abuse of discretion.

Section 179(c)(2) provides that "Any election made under this section, and any specification contained in any such election, may not be revoked except with the consent of the

Secretary." The abuse of discretion question in the section 179 setting is similar to the questions that arise under section 446(e), which also requires a taxpayer to obtain the Secretary's consent before changing a method of accounting. Under both sections a formal request is to be made for consent to revoke/change an election/method of accounting. See sec. 1.179-5(b), Income Tax Regs.

Respondent is required to follow the statute and abide by regulations reasonably based on the statute, and failure to do so will amount to an abuse of discretion. Cf. Lansons, Inc. v. Commissioner, 622 F.2d 774, 776 (5th Cir. 1980), affg. 69 T.C. 773 (1978); Buzzetta Constr. Corp. v. Commissioner, 92 T.C. 641, 647 (1989). In reviewing the Commissioner's discretionary administrative acts we are not empowered to substitute our judgment for that of the Commissioner. "The exercise of discretionary power will not be disturbed unless the Commissioner has abused his discretion, i.e., his determination is unreasonable, arbitrary, or capricious." Buzzetta Constr. Corp. v. Commissioner, supra at 648. The question of abuse of discretion is factual, and the burden of showing abuse is greater than a mere preponderance of evidence. See Estate of Gardner v. Commissioner, 82 T.C. 989, 1000 (1984); Oakton Distribs., Inc. v. Commissioner, 73 T.C. 182, 188 (1979).

Petitioner contends that respondent was unreasonable in not giving consent because, as petitioner further contends, respondent was the catalyst for petitioner's need to modify (revoke) his section 179 election. Petitioner's characterization, however, ignores significant factual predicates. First, petitioner, in reporting for his 1995 tax years, classified the three assets as materials and supplies so as to reduce income by the assets' cost in the year of acquisition. For the 1995 year, petitioner reported a loss in the business activity in which the assets were used. Accordingly, petitioner could not, under section 179, expense rather than depreciate those assets. See sec. 179(b)(3). That appears to be the reason why petitioner attempted to classify and report depreciable assets as "materials" or "supplies" and to reduce income by the entire cost of the asset. Petitioner does not argue that respondent's classification of the three assets as depreciable property was incorrect or in error. Instead, petitioner wants to "capitalize" on his initial misclassification by reducing taxable income caused by the unreported receipts discovered by respondent. In this setting, we do not see respondent as precipitating petitioner's request for consent to revoke. Instead it was petitioner's mischaracterization that precipitated the need for change.

Finally, neither the statute nor the regulations permit petitioner to revoke (modify) his original election without the Secretary's consent. In that regard, petitioner does not argue and has not shown that the Secretary's regulations are unreasonable or that they do not comport with congressional intent. Section 1.179-5(b), Income Tax Regs., provides that the Commissioner's consent to revoke an election "will be granted only in extraordinary circumstances." Legally and factually, petitioner accepts that his attempt to change the election is untimely. We are cognizant of the fact that petitioner's circumstances are of his own making. His need to revoke (modify) his section 179 election only arose after respondent uncovered petitioner's failure to report all of his income and his misclassification of the very assets for which section 179 treatment is sought. Accordingly, we hold that respondent did not abuse his discretion in refusing to consent to petitioner's request to revoke (modify) the 1995 election under section 179.

To reflect the foregoing and due to concessions by the parties,

<u>Decision will be entered</u>

<u>under Rule 155.</u>