T.C. Memo. 2003-246

UNITED STATES TAX COURT

MICHAEL H. VISIN AND NATALIE MARSELLY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10149-02.                    Filed August 18, 2003.

Michael H. Visin, pro se.

<u>Frank Panza</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

ARMEN, <u>Special Trial Judge</u>:  Respondent determined
deficiencies in petitioners' Federal income taxes for the taxable
years 1997 and 1998 in the amounts of $1,393 and $1,365,
respectively.

After a concession by petitioners,[1] the issues for decision by the Court are as follows:

(1) Whether for each of the years in issue, petitioners' deduction for the business use of their apartment is subject to the limitation on deductions set forth in section 280A(c)(5).[2] We hold that it is.

(2) Whether for 1998, petitioners are entitled to expense, rather than depreciate, the cost of computer equipment and software.  We hold that they are not.

An adjustment to petitioners' self-employed health insurance deduction under section 162(l) is a mechanical matter, the resolution of which is dependent on our disposition of the disputed issues.  See sec. 162(l)(2)(A).

FINDINGS OF FACT

Some of the facts have been stipulated, and they are so found.  Petitioners resided in San Francisco, California, at the time that the petition was filed with the Court.

During 1997 and 1998, the taxable years in issue, petitioner Michael H. Visin was self-employed as an interior decorator and

---

[1] At trial, petitioners did not contest, and are therefore deemed to have conceded, an adjustment in the amount of $703 to cost of goods sold for 1997.

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect for 1997 and 1998, the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

artist, and petitioner Natalie Marselly was employed as a social worker.

Throughout the years in issue, petitioners resided in the same apartment, which they rented. A portion of petitioners' apartment was used by petitioner Michael H. Visin for business purposes.

In 1998, petitioner Michael H. Visin spent $3,450 for computer equipment and software for use in his business. The computer equipment and software were placed in service upon purchase.

Petitioners filed a Form 1040, U.S. Individual Income Tax Return, for each of the years in issue. Petitioners attached to each of those returns a Schedule C, Profit or Loss From Business, for petitioner Michael H. Visin's sole proprietorship. Among the deductions claimed on each Schedule C was a deduction for petitioner Michael H. Visin's use of petitioners' apartment for business purposes. In support of this deduction, petitioners attached to each of their returns a Form 8829, Expenses for Business Use of Your Home.

Petitioners' Schedule C for 1997 included the following entries:

|  |  |
|---|---|
| Gross income | $5,399.00 |
| Less: expenses (excluding rent) | -4,392.40 |
|  | 1,006.60 |
| Less: rent | -10,305.27 |
| Net loss | ( 9,298.67) |

Petitioner's Form 8829 for 1997 included the following entries:

| | |
|---|---|
| Area used regularly and exclusively for business | [1]700 |
| Total area of home | [1]1000 |
| Business use percentage | 70 |

[1]Presumably, square feet

Petitioners used the foregoing percentage in claiming the Schedule C rent deduction of $10,305.27.

Petitioners' Schedule C for 1998 included the following entries:

| | |
|---|---|
| Gross income | $6,242.70 |
| Less: expenses (excluding rent) | -4,243.63 |
| | 1,999.07 |
| Less: rent | -10,642.58 |
| Net loss | ( 8,643.51) |

Petitioner's Form 8829 for 1998 included the following entries:

| | |
|---|---|
| Area of home used regularly and exclusively for business | [1]850 |
| Total area of home | [1]1150 |
| Business use percentage | 74 |

[1]Presumably, square feet

Petitioners used the foregoing percentage in claiming the Schedule C rent deduction of $10,642.58.[3]

___

[3] The record does not disclose the reason for the

(continued...)

In reporting gross income from his sole proprietorship for 1998, petitioner Michael H. Visin reduced gross receipts by cost of goods sold.  In part III of his Schedule C for 1998, petitioner Michael H. Visin claimed cost of goods sold as follows:

|  |  |
|---|---|
| Materials and supplies | $2,847.30 |
| Other costs: computer equipment and software | +3,450.00 |
| Cost of goods sold | 6,297.30 |

Petitioners did not attach to their 1998 income tax return a Form 4562, Depreciation and Amortization.  Part I of that form is entitled "Election To Expense Certain Tangible Property (Section 179)", and it is the form that respondent has designed for taxpayers who wish to expense, rather than depreciate, qualifying property.

In the notice of deficiency, respondent disallowed a portion of the deduction claimed by petitioners in 1997 and 1998 for the business use of their apartment.  Respondent based the disallowance solely on the limitation on deductions set forth in section 280A(c)(5).  Respondent did not adjust either the gross amount claimed by petitioners for the rental of their apartment or the business use percentage appearing on either Form 8829.

_____

[3](...continued)
discrepancies between petitioners' Form 8829 for 1997 and Form 8829 for 1998 regarding "Area used * * * for business" and "Total area of home".

Also in the notice of deficiency, respondent treated the $3,450 spent by petitioner Michael H. Visin for computer equipment and software for his business as a capital expenditure and allowed depreciation thereon.

Petitioners do not contest respondent's computation of the limitation on deductions under section 280A(c)(5). Rather, petitioners contend that section 280A does not apply to renters of business property and that, therefore, the limitation on deductions under section 280A(c)(5) does not apply to their case. Rather, petitioners contend that section 162(a)(3) authorizes the deductions in issue.

Petitioners also contend that they are entitled to expense, pursuant to section 179, the $3,450 spent by petitioner Michael H. Visin for computer equipment and software for use in his business.

OPINION

We decide the issues in this case without regard to the burden of proof. Accordingly, there is no reason to decide whether section 7491(a) serves to shift the burden of proof from petitioners to respondent. See generally Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).

A.  Deduction for Business Use of Home

Section 162(a)(3) allows a deduction for:

rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.

Structurally, section 162 is included in part VI (Itemized Deductions For Individuals And Corporations) of subchapter B (Computation of Taxable Income) of chapter 1 (Normal Taxes And Surtaxes) of subtitle A (Income Taxes) of title 26 (Internal Revenue Code) of the United States Code.  The relevance of the placement of section 162 within the Internal Revenue Code will become apparent momentarily.

Also included within part VI is section 161.  That section provides as follows:

In computing taxable income under section 63, there shall be allowed as deductions the items specified in this part [i.e., part VI], subject to the exceptions provided in part IX (sec. 261 and following, relating to items not deductible).  [Emphasis added.]

Section 261, which is entitled "General Rule For Disallowance Of Deductions", provides that "In computing taxable income no deduction shall in any case be allowed in respect of the items specified in this part [i.e., part IX]."  One of the sections included in part IX is section 280A.

At this point it should be apparent that section 162 is subject to the exceptions and constraints of section 280A.  See New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934) (oft cited for the proposition that deductions are a matter of

legislative grace and hence a taxpayer claiming a deduction must come within the express provisions of the statute).

As relevant herein, section 280A(a) provides as a general rule that no deduction otherwise allowable to an individual "shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence."  The term "dwelling unit" is defined by section 280A(f)(1)(A) to specifically include an apartment.  The statute does not distinguish between a condominium apartment and a rental apartment.  In other words, whether owned or rented, an apartment is a dwelling unit within the intendment of the statute.  See Horton v. Commissioner, T.C. Memo. 1997-572 (involving an artist who rented premises in a commercially zoned area, which premises were found by the Court to be a dwelling unit within the scope of section 280A).

The seemingly prohibitory rule of section 280A(a) is ameliorated by section 280A(c), which provides exceptions for certain business uses.  As relevant herein, section 280A(c)(1) provides that the general rule of section 280A(a) is not applicable to any item to the extent it:

> is allocable to a portion of the dwelling unit which is exclusively used on a regular basis--
>
> > (A) as the principal place of business for any trade or business of the taxpayer, [or]
> >
> > (B) as a place of business which is used by patients, clients, or customers in meeting or

dealing with the taxpayer in the normal course of his trade or business * * * .

The liberalizing effect of section 280A(c) is not without its limitations, however.  In particular, and as relevant herein, section 280A(c)(5) limits a taxpayer's deductions for the business use of an apartment to the amount by which the gross income generated from the business activity conducted in the apartment exceeds the deductions for expenses attributable to such activity that are not allocable to the business use of the apartment itself.  See Martin v. Commissioner, T.C. Memo. 1996-503, affd. per curiam without published opinion 155 F.3d 559 (4th Cir. 1998).  In other words, no deduction for use of an apartment may be claimed if said deduction would give rise to, or increase, a net loss from the business to which the deduction relates.  Id.

The foregoing exegesis of section 280A(c)(5) is confirmed by the legislative history of the most recent relevant amendment to that section.  Thus:

### Reasons for Change

### Limitations on deduction

*    *    *    *    *    *    *

The committee believes that a home office deduction to which section 280A applies should not be used to reduce taxable income from the activity to less than zero.  In adopting the provisions of the bill, the committee reemphasizes that section 280A was enacted because of concerns about allowing deductions for items which have a substantial personal component relating to the home, which most taxpayers cannot deduct, and which frequently do not reflect the incurring of

significantly increased costs as a result of the business activity, and that the provision should be interpreted to carry out its objectives.

* * * * * * *

Explanation of Provision

* * * * * * *

Limitations on deduction

In general.--The bill limits the amount of a home office deduction (other than expenses that are deductible without regard to business use, such as home mortgage interest) to the taxpayer's gross income from the activity, reduced by all other deductible expenses attributable to the activity but not allocable to the use of the unit itself. Thus, home office deductions are not allowed to the extent that they create or increase a net loss from the business activity to which they relate. [H. Rept. 99-426, at 133-135 (1985), 1986- 3 C.B. (Vol. 2) 133-135).]

Finally, for petitioners' benefit, we observe that to the extent deductions are disallowed under section 280A(c)(5), they may be carried forward to the succeeding taxable year. See sec. 280A(c)(5), flush language.

In view of the foregoing, we hold that petitioners' deductions for the business use of their apartment are subject to the limitation set forth in section 280A(c)(5). Accordingly, we sustain respondent's determination in this regard.

B. Election To Expense Certain Costs Under Section 179

Section 179(a) permits a taxpayer to:

elect to treat the cost of any section 179 property as an expense which is not chargeable to capital account. Any cost so treated shall be allowed as a deduction for the taxable year in which the section 179 property is

placed in service.

In respondent's view, the computer equipment and software that petitioner Michael H. Visin purchased and placed in service in 1998 may not be expensed under section 179 because petitioners failed to make an election on their return consistent with section 179(c) and the regulations thereunder.

Section 179(c)(1) provides that an election under section 179 shall:

> (A) specify the items of section 179 property to which the election applies and the portion of the cost of each of such items which is to be taken into account under subsection (a), and

> (B) be made on the taxpayer's return of the tax imposed by this chapter for the taxable year.

Section 179(c)(1) goes on to provide that the election to expense "shall be made in such manner as the Secretary may by regulations prescribe."

Regulations regarding the time and manner of making an election under section 179 have been prescribed and may be found in section 1.179-5, Income Tax Regs. Specifically, section 1.179-5(a), Income Tax Regs., requires a separate election for each taxable year and, as relevant herein, that such election be made on the taxpayer's first income tax return for the taxable year to which the election applies. The regulation goes on to track the statutory requirements of section 179(c)(1)(A) and (B). Finally, the regulation requires that the taxpayer maintain

certain records regarding each piece of section 179 property.

The Commissioner has published Form 4562, Part I of which is entitled "Election To Expense Certain Tangible Property (Section 179)", and, as its title suggests, is intended for a taxpayer's use in making the election to expense section 179 property.

Petitioners did not attach to their 1998 income tax return a Form 4562, nor did they unequivocally elect on their return to expense the cost of the computer equipment and software under section 179. On the other hand, petitioners did include the cost of that property as a component of cost of goods sold. However, we are not inclined to regard the inclusion of property in cost of goods sold as the equivalent of an election under section 179. See Patton v. Commissioner, 116 T.C. 206 (2001); McGrath v. Commissioner, T.C. Memo. 2002-231; Starr v. Commissioner, T.C. Memo. 1995-190 ("Entitlement to the benefits of section 179 is not automatic. It requires an affirmative election be attached to the original return or to a timely filed amended return."), affd. without published opinion 99 F.3d 1146 (9th Cir. 1996). In any event, we observe that the matter is without any tax effect in 1998 under the facts of the present case. In other words, to the extent that petitioners are denied an expensing deduction under section 179, they will be entitled to an increase, on a pro tanto basis, in the amount of their home office deduction under section 280A because the limitation imposed by section 280A(c)(5)

will be that much less restrictive.

In view of the foregoing, we hold that petitioners are not entitled to expense the cost of the computer equipment and software.  Respondent's determination capitalizing the cost of such property and allowing depreciation thereon is sustained.

C.  <u>Conclusion</u>

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155.</u>