T.C. Summary Opinion 2007-73

UNITED STATES TAX COURT

ROBERT H. GOODE, JR. AND LOCKIE L. GOODE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 9978-05S, 4802-06S.      Filed May 15, 2007.

<u>Peter A. Lowy</u>, for petitioners.

<u>Thomas L. Fenner</u>, for respondent.


JACOBS, <u>Judge</u>:  These consolidated cases were heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petitions were filed.  Pursuant to section
7463(b), the decisions to be entered are not reviewable by any
other court, and this opinion shall not be treated as precedent
for any other case.  Unless otherwise indicated, subsequent
section references are to the Internal Revenue Code in effect for

the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Initially, 2 tax years were involved herein. Docket No. 9978-05S pertains to 2002. Docket No. 4802-06S pertains to 2003. Before the trial of these cases, respondent conceded all issues for 2003. Consequently, only the dispute for 2002 remains for decision, and the issues to be resolved for that year are: (1) Whether petitioner Robert H. Goode's activity reported on Schedule C, Profit or Loss from Business--a construction activity known during 2002 as Robco Construction and Service Co. (Robco)--was an activity engaged in for profit; and, if so, (2) whether petitioners have satisfied the substantiation requirements for claimed Schedule C expenses related to (a) the business use of a pickup truck and stretch van and (b) power tools.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time they filed the petitions, petitioners resided in Spring, Texas.

Petitioner Robert H. Goode (Mr. Goode) is a 1962 graduate of the U.S. Military Academy at West Point, where he received degrees in engineering. Mr. Goode served as an artillery officer in Korea and Vietnam and received numerous commendations, including three Purple Hearts, the Distinguished Flying Cross, the Distinguished

Service Cross, the Silver Star, and the U.S. Army Leadership in the Pacific Award.  He was injured during his military service and ultimately was rated 100 percent disabled by the U.S. Department of Veterans Affairs.

After his discharge from the military in 1970, Mr. Goode returned to his family in Louisiana and there engaged (as a sole proprietor) in a construction activity using the business name Robco Service Co. (Robco).[1]  Robco at first engaged in the restoration and improvement of single-family homes pursuant to contracts from agencies of the Federal Government.  Petitioners moved to Texas in the mid 1970s, and there Robco shifted from Government construction contracts to private construction contracts.  In addition, Robco expanded into carpet cleaning and installation.  During its years of operations, Robco's level of activity and profits ebbed and flowed as Mr. Goode's health fluctuated and his other sources of income changed.

In 1980, Mr. Goode began to work full time for Southwestern Bell; he worked there through 1999.  During the period 1980-99, the amount of time Mr. Goode dedicated to Robco decreased. Nonetheless, Mr. Goode regularly filed documents required by Texas

---

[1]At a time not specified in the record, the business name Mr. Goode used for the construction activity changed from Robco Service Co. to Robco Construction and Service Co.

law to operate the construction activity under the Robco name, maintained liability insurance for Robco, and reported Robco's profits on petitioners' Federal income tax returns.

In 1999, Mr. Goode suffered from major health problems and as a consequence could no longer physically participate in construction operations. Mr. Goode's managerial skills became his primary contribution to Robco's activities. Nevertheless, Robco continued to earn a profit until 2001. In 2001, 2002, and 2003, Robco sustained losses, but it returned to profitability in 2004.

During 2002, the year in issue, Robco entered into a contract with the homeowners association of which Mr. Goode was president and a board member. Because the bylaws of the homeowners association prohibited board members from profiting from their membership on the board, the work Robco performed for the homeowners association--the remodeling of the central recreation facility and pool--was on a cost basis.

Petitioners owned a pickup truck and a stretch van that Mr. Goode used in the construction activity. Petitioners owned other vehicles that they used for personal purposes.

On Schedule C of their 2002 Federal income tax return, petitioners reported, with respect to Robco, gross receipts of $9,297, cost of goods sold of $8,517, and gross income of $780. The Schedule C listed expenses totaling $12,212 and a resulting loss of $11,432. Of the claimed expenses, respondent disputed the

deductibility of car and truck expenses of $1,708, depreciation expense of $4,139, insurance expense of $694, and power tools expense of $1,820.

After petitioners filed their 2002 return, in which they claimed a refund, petitioners received a letter from respondent informing them that respondent had not received schedules in support of their 2002 tax return. Thereafter, petitioners submitted a copy of their Schedule C to respondent but failed to retain a copy for their own records. Shortly thereafter, petitioners received a letter from respondent with a refund check enclosed. Subsequently, respondent issued his notice of deficiency.

At trial, respondent introduced into evidence a Schedule C that Mr. Goode had reconstructed from amounts that were shown on petitioners' 2002 return. The original Schedule C petitioners had prepared and submitted with their return, as well as the copy of Schedule C that petitioners submitted to respondent in response to respondent's subsequent request, were not introduced. Respondent asserts that petitioners did not submit Schedule C with their 2002 return and that the only Schedule C that respondent received is the reconstructed version that was introduced into evidence at trial.

## Discussion

Section 183 precludes deductions for activities not engaged in for profit except to the extent of the gross income derived from those activities. Sec. 183(a) and (b)(2). Thus, deductions are not allowable for activities that a taxpayer carries on primarily for sport, as a hobby, or for recreation. Sec. 1.183-2(a), Income Tax Regs. For a taxpayer's expenses in an activity to be deductible under section 162, entitled "Trade or Business Expenses", or section 212, entitled "Expenses for Production of Income", and not subject to the limitations of section 183, a taxpayer must show that the taxpayer engaged in the activity with an actual and honest objective of making a profit. Hulter v. Commissioner, 91 T.C. 371, 392 (1988); Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983); Hastings v. Commissioner, T.C. Memo. 2002-310. Whether a taxpayer has an actual and honest profit objective is a question of fact to be answered from all the relevant facts and circumstances. Hulter v. Commissioner, supra at 393; Hastings v. Commissioner, supra; sec. 1.183-2(a), Income Tax Regs. Greater weight is given to objective facts than to a taxpayer's mere statement of intent. Dreicer v. Commissioner, supra at 645; sec. 1.183-2(a), Income Tax Regs.

The regulations set forth a nonexhaustive list of factors that may be considered in deciding whether a taxpayer had a profit

objective.  These factors are:  (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that the assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) any elements indicating personal pleasure or recreation. See sec. 1.183-2(b), Income Tax Regs.

No single factor, nor even the existence of a majority of factors favoring or disfavoring the existence of a profit objective, is controlling.  Hendricks v. Commissioner, 32 F.3d 94, 98 (4th Cir. 1994), affg. T.C. Memo. 1993-396; Brannen v. Commissioner, 722 F.2d 695, 704 (11th Cir. 1984), affg. 78 T.C. 471 (1982); sec. 1.183-2(b), Income Tax Regs.  Rather, the relevant facts and circumstances of the case are determinative. Keanini v. Commissioner, 94 T.C. 41, 46 (1990); Allen v. Commissioner, 72 T.C. 28, 34 (1979); sec. 1.183-2(b), Income Tax Regs.

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving those determinations wrong.  Rule 142(a); INDOPCO, Inc. v. Commissioner,

503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 183(d), however, presumes an activity is conducted for profit if the gross income exceeds the attributable deductions for 3 out of 5 consecutive years before the year in issue. The presumption applies only after the third profit year. Mitchell v. Commissioner, T.C. Memo. 2006-145 (citing section 183(d)).

The 5 consecutive years before 2002, the year in issue, were 1997, 1998, 1999, 2000, and 2001. Mr. Goode's uncontroverted testimony, which we find credible, established that Robco was profitable for 4 of these 5 years, the only exception being 2001. Therefore, petitioners are entitled to a presumption that Robco was an activity conducted for profit for 2002, which respondent did not rebut. However, as discussed infra, we find that Robco was an activity conducted for profit even in the absence of the presumption of section 183(d).

We do not believe it necessary to analyze each of the factors enumerated in section 1.183-2(b), Income Tax Regs. Rather, we focus on the ones we believe more important.

Robco is a small operation, conducted primarily by Mr. Goode, a trained engineer with substantial experience in the field of home and business construction and renovation. Given its size, we would not expect Robco to have (nor did it have) an extensive system of bookkeeping or financial statement analysis. But Mr.

Goode did keep substantial records for Robco, including bids, invoices, receipts, and other documentation.

While it is true, as respondent points out, that most of the work Robco performed in 2002 was on a cost basis and that Mr. Goode, because of his deteriorating health, was unable to devote a great deal of time or energy to Robco's affairs, these circumstances explain why Robco was not profitable in 2002, as opposed to establishing a lack of profit objective, especially in the light of Mr. Goode's success in taking steps to improve Robco's performance in later years.

Mr. Goode succeeded in recruiting a family member from another State to move to Texas to join Robco, with the result that Robco returned to profitability by 2004.  We believe it unlikely that the family member would have moved and joined Robco if the member believed Mr. Goode carried on Robco's activities as a hobby and not for profit.

The record shows that petitioners had other sources of income during 2002, and thus petitioners were not reliant on Robco to generate income to pay their basic living expenses.  The record is equally clear that at its inception, Robco was petitioners' primary source of income.  Nothing in the record leads us to believe that Robco was transformed from a profit-oriented activity into a hobby or recreational pursuit.  Mr. Goode, the only person to testify at trial, did not seem to us to be a person who is

inattentive or indifferent to the outcome, in terms of profit or loss, of Robco's activities.  On the contrary, he was scrupulous in his dealings with the homeowners association, ensuring that while Robco did not make a profit, Robco's costs were fully reimbursed.

In sum, we hold that Robco was an activity conducted for profit in 2002.  We therefore now must decide whether the amounts petitioners claimed as expenses in connection with Robco are allowable deductions.

Section 162(a) allows a deduction for ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business.  For an expense to be "ordinary" the transaction that gives rise to it must be of a common or frequent occurrence in the type of business involved. Deputy v. du Pont, 308 U.S. 488, 495 (1940).  To be "necessary" an expense must be "appropriate and helpful" to the taxpayer's business.  Welch v. Helvering, supra at 113-114.

Where a taxpayer establishes entitlement to a deduction but does not establish the amount of the deduction, the Court in some circumstances is allowed to estimate the amount allowable.  Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930).  But see sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  However, there must be sufficient evidence in the record to permit the Court to conclude that a deductible expense was

incurred in at least the amount allowed.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).  In estimating the amount allowable, we bear heavily on the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making.  See Cohan v. Commissioner, supra at 544.

We are convinced that the Robco vehicles generated expenses which, if substantiated, would be deductible by petitioners. Robco vehicle expenses were reported in three different ways on petitioners' return:  As a separate depreciation expense deduction, as a separate insurance expense deduction, and as a separate vehicle deduction based on the standard mileage rate. Respondent correctly points out that the last of these deductions, the deduction for vehicle expenses based on the standard rate, may be used only in lieu of the first two.  See sec. 1.274-5(j)(2), Income Tax Regs.; Rev. Proc. 2001-54, 2001-2 C.B. 530. Therefore, we must determine which, if any, of these deductions are allowable; the three cannot be allowed together.

Section 167(a) allows a deduction for a reasonable allowance for the exhaustion, wear and tear, and obsolescence of property used in a trade or business or held for the production of income. The basis on which a depreciation deduction is allowable with respect to any property under section 167(a) is the adjusted basis

of the property, determined under section 1011 for the purpose of determining gain on the sale or other disposition of the property. See sec. 167(c).

Mr. Goode testified that the claimed depreciation expense deduction of $4,139 was calculated with reference to the previous year's return, which showed the same or a very similar amount. We do not have the benefit of the previous year's return, nor do we have the benefit of any documentation or testimony that would establish the adjusted bases of the Robco vehicles or the method of depreciation used in calculating depreciation with respect to those vehicles. While we are satisfied that the Robco vehicles are depreciable property, we cannot find any basis in this record for determining the amount of the depreciation expense. Therefore, we will not allow any deduction for depreciation expense for the Robco vehicles.

Petitioners claimed a $694 insurance expense deduction in connection with the Robco vehicles. A receipt for insurance coverage for the period November 2001 through April 2002 shows that the monthly cost of insurance for the Robco van was $19.16. The cost of insurance for the Robco pickup truck is not shown on the November 2001 through April 2002 receipt, but the receipt for a later period, May 2003 through October 2003, shows the insurance cost for both the van and the pickup truck. The cost of insuring the pickup truck was greater than the cost of insuring the van;

therefore, we are confident that the cost of insurance on the pickup truck was at least $19.16 per month in 2002.  Consequently, we will allow an insurance expense deduction for Robco vehicles of $459.84, consisting of $19.16 per vehicle per month.

In addition to depreciation and insurance expenses for Robco vehicles, petitioners claimed a $1,708 deduction for car and truck expenses.  In the case of traveling expenses and certain other expenses, such as entertainment, gifts, and expenses relating to the use of listed properties, including passenger vehicles and other property used as a means of transportation, computers, and cellular phones under section 280F(d)(4)(A), section 274(d) imposes stringent substantiation requirements to document particularly the nature and amount of such expenses.  For such expenses, substantiation of the amounts claimed by adequate records or by other sufficient evidence corroborating the claimed expenses is required.  Sec. 274(d); sec. 1.274-5T(a), Temporary Income Tax Regs., supra.  To meet the adequate records requirements of section 274(d), a taxpayer "shall maintain an account book, diary, log, statement of expense, trip sheets, or similar record * * * and documentary evidence * * * which, in combination, are sufficient to establish each element of an expenditure".  Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  These substantiation requirements are designed to encourage taxpayers to maintain

records, together with documentary evidence substantiating each element of the expense sought to be deducted. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Mr. Goode testified that the claimed deduction for car and truck expenses was based on the standard mileage rate. In lieu of substantiating the actual amount of an expenditure relating to the business use of a passenger automobile, a taxpayer may use a standard mileage rate established by the Internal Revenue Service. See sec. 1.274-5(j)(2), Income Tax Regs.; Rev. Proc. 2001-54, supra. Use of the standard mileage rate establishes the amount deemed expended with respect to the business use of a passenger automobile, but it does not relieve a taxpayer of his burden of substantiating the other elements required by section 274 and the regulations issued thereunder. Sec. 1.274-5(j)(2), Income Tax Regs.

Petitioners introduced no evidence that would establish the number of miles the Robco vehicles were driven. There is nothing in the record that satisfies the substantiation requirements of section 274. Therefore, we cannot allow the claimed deduction for car and truck expenses.[2]

---

[2]In any event, petitioners would not have been entitled to claim the deduction for car and truck expenses in addition to the insurance expense deduction which we found is allowable.

Finally, petitioners claimed a $1,820 deduction for the acquisition of power tools used in Robco activities. Amounts paid to acquire machinery, equipment, and similar property having a useful life substantially beyond the taxable year are capital expenditures and generally are not deductible. Sec. 263(a)(1); sec. 1.263(a)-2, Income Tax Regs. If the capital expenditure is for property used in a trade or business or held for the production of income, the taxpayer may be allowed a deduction for depreciation under section 167. See, e.g., INDOPCO, Inc. v. Commissioner, 503 U.S. at 83-84. Alternatively, the cost may be expensed pursuant to section 179 if the requirements of that section are satisfied. The cost may not be expensed, however, in the absence of an election. Sec. 179(c); Visin v. Commissioner, T.C. Memo. 2003-246; sec. 1.179-5, Income Tax Regs. Furthermore, section 179 limits the amount of the deduction to the amount of taxable income derived from the trade or business, although a disallowed deduction may be carried over to later tax years. Sec. 179(b)(3)(A) and (B). Petitioners did not have taxable income derived from Robco activities in 2002, and they failed to make any election under section 179.[3] That being the case, petitioners may

---

[3]The election would typically be made using Part I, Election to Expense Certain Tangible Property Under Section 179, of Form 4562, Depreciation and Amortization. Petitioners did not attach Form 4562 to their return and did not otherwise make an election under sec. 179.

not expense the cost of Robco's power tools.

Mr. Goode testified that $1,820, the amount petitioners claimed as a deduction, was his conservative estimate of the cost of several power tools Robco acquired during 2002, which ranged in price from $2 to $300.  In view of the nature of Robco's activities, and because we find Mr. Goode's testimony in this regard credible, we hold that petitioners expended $1,820 for the acquisition of power tools in 2002 and are therefore entitled to an appropriate depreciation deduction with respect to that acquisition.  The parties shall determine the exact amount of the depreciation deduction to which petitioners are entitled in their Rule 155 computations.

To reflect the foregoing,

Decision will be entered for petitioners in docket No. 4802-06S.

Decision will be entered under Rule 155 in docket No. 9978-05S.