T.C. Summary Opinion 2007-96

UNITED STATES TAX COURT

JIN XIONG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2795-06S.                    Filed June 14, 2007.

Jin Xiong, pro se.

<u>W. Lance Stodghill</u>, for respondent.

JACOBS, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $5,850 deficiency in petitioner's 2003 Federal income tax and a $1,170 penalty under section 6662(a). The issues for decision are: (1) Whether petitioner is entitled to a deduction for claimed home office expenses; (2) the amount, if any, of the excess unreimbursed employee and other miscellaneous expenses deduction to which petitioner is entitled;[1] (3) whether petitioner is entitled to a deduction under section 179 with respect to a motor vehicle; (4) the amount of the deduction for charitable contributions to which petitioner is entitled; and (5) whether petitioner is liable for a penalty under section 6662(a).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in College Station, Texas, at the time he filed the petition.

---

[1]The excess unreimbursed employee and other miscellaneous expenses deduction is claimed on Schedule A, Itemized Deductions. The amount of the deduction equals the sum of: (1) Unreimbursed employee expenses--job travel, union dues, job education, etc.; (2) tax preparation fees; and (3) other expenses--investment, safe deposit box, etc., less an amount equal to 2 percent (the 2-percent floor) of the taxpayer's adjusted gross income. See sec. 67(a).

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 2003 in which he claimed: (1) A deduction of $12,509 for excess unreimbursed employee and other miscellaneous expenses; and (2) a deduction of $7,250 for charitable contributions. On or about August 22, 2005, petitioner filed a Form 1040X, Amended U.S. Individual Income Tax Return, for 2003, in which he claimed a deduction under section 179 with respect to a motor vehicle. In his amended return, petitioner recharacterized a portion ($8,585 of "vehicle used in business travel" and $5,094 of "home office deduction") of the excess unreimbursed employee and other miscellaneous expenses that he had previously reported on Schedule A, Itemized Deductions, as "business profit/loss".[2] As a result of these amendments, petitioner claimed a $2,482 refund.

With respect to Form 1040, respondent disallowed: (1) The entire deduction for excess unreimbursed employee and other miscellaneous expenses; and (2) all but $500 of the deduction for charitable contributions. Based on these disallowances, respondent issued a notice of deficiency reflecting a $5,850 deficiency in tax and a $1,170 penalty under section 6662(a).

---

[2]Petitioner's 2003 tax return was not introduced into evidence. However, the amended return was produced and shows petitioner's recharacterization of the amounts as indicated.

The notice of deficiency did not address petitioner's claimed deduction under section 179 or any other aspect of Form 1040X.[3]

Petitioner was an assistant professor of biology at Texas A&M University (the university) at all relevant times. Petitioner's duties consisted of teaching and scholarly research, for which petitioner was provided an office at the university. In 2003, petitioner entered into a contract with Cambridge University Press to write a book on bioinformatics--the analysis of information relating to biological structures with the aid of computers. The contract identified the parties thereto as the Syndicate of the Press of the University of Cambridge and Dr. Jin Xiong, Department of Biology, Texas A&M University.

In the preface to the book, petitioner described the book as based on a compilation of notes he developed over several years of teaching bioinformatics in addition to supplemental research. The book was published in 2006, and petitioner used it in courses he taught at the university.

Petitioner maintains that for tax purposes his book writing project was a separate business activity. Petitioner asserts, without explaining or introducing corroborating evidence, that he

---

[3]At trial, the parties addressed all items in Form 1040X; counsel for respondent indicated that the notice of deficiency did not take into account Form 1040X because the notice of deficiency was probably in the process of being prepared when petitioner filed that return. Nonetheless, the Court has jurisdiction to determine the correct treatment of all items affecting the tax year(s) before it (here, 2003). Sec. 6214(a).

was not permitted to write the book at his university office, but rather, he was constrained to write the book at his home. Petitioner posits that because he used a portion of his home exclusively in connection with his book writing project, he is entitled to deduct under section 280A expenses of $5,094 relating to that portion of his home used as an office. Further, petitioner claims his book writing project required travel to various libraries in the State for research purposes which generated deductible business travel expenses. Finally, petitioner claims, driving from his home office to his university office constituted a deductible business expense. Petitioner calculated that the expenses attributable to his book writing project (which petitioner first deducted as itemized deductions on his 2003 return and subsequently recharacterized as "business profit/loss") totaled $13,679.16.[4]

## Discussion

As a general rule, the Commissioner's determinations in the notice of deficiency are presumed correct, and the burden of proving an error is on the taxpayer. Rule 142(a); Welch v.

---

[4]On his return, petitioner claimed, and respondent disallowed, $13,916 of Schedule A unreimbursed employee and other miscellaneous expenses deductions; petitioner recharacterized $13,679.16 of this amount on Form 1040X as trade or business expenses, leaving $137.16 still claimed as an unreimbursed employee and other miscellaneous expenses deduction. As discussed infra, at trial petitioner claimed that he was entitled to the Schedule A deduction for more than this amount.

Helvering, 290 U.S. 111, 115 (1933).  However, pursuant to section 7491(a), the burden of proof with respect to any factual issue relating to ascertaining the liability for tax shifts to the Commissioner if the taxpayer:  (1) Maintained adequate records; (2) satisfied the substantiation requirements; (3) cooperated with the Commissioner's agents; and (4) during the Court proceeding introduced credible evidence with respect to the factual issue involved.  As discussed infra, we find that petitioner failed to satisfy these requirements.  Therefore, the burden of proof does not shift to respondent.

Expenses for business use of a taxpayer's home are deductible under limited circumstances.  For the expense to be deductible, the taxpayer must show that the portion of the home purported to be used for business is:  (1) The taxpayer's principal place of business; (2) a place where the taxpayer meets or deals with customers, clients, or patients; or (3) a separate structure used in connection with the business.  It must be used exclusively on a regular basis for these things.  Sec. 280A(c)(1)(A)-(C).  Finally, in the case of an employee, the home office must be for the convenience of the employer.  Sec. 280A(c)(1) (flush language).

Petitioner seeks to satisfy the requirements of section 280A by claiming that a portion of his home was his "principal place of business" for purposes of the book writing project and that he

did not have an "employer" with respect to his book writing project. It is for this reason that petitioner amended his 2003 return to recharacterize these expenses as "profit/loss from a separate business activity."

Petitioner has not convinced us that his book writing project is a separate activity rather than an outgrowth of his university teaching and research. While it may be true, as petitioner suggests, that university professors generally are not required to write books, it does not follow that a university professor who writes a book is engaged in a separate business activity. Petitioner's book is in the same academic discipline as the one petitioner teaches at the university. Petitioner's contract with Cambridge University Press clearly identifies petitioner as a university professor. Petitioner based his book, at least in part, on teaching notes he had developed over the years, and he used the book in teaching courses at the university. We find that petitioner's book writing project is so interconnected with his university teaching and research as to not constitute an activity separate from that of his occupation as a university professor. See Topping v. Commissioner, T.C. Memo. 2007-92.

A taxpayer may have only one principal place of business for each business activity in which he is engaged. Curphey v. Commissioner, 73 T.C. 766, 775-776 (1980). Where a taxpayer's

business is conducted in part in the taxpayer's residence and in part at another location, the following two primary factors are considered in determining whether the home office qualifies under section 280A(c)(1)(A) as the taxpayer's principal place of business: (1) The relative importance of the functions or activities performed at each business location, and (2) the amount of time spent at each location. See Commissioner v. Soliman, 506 U.S. 168, 175-177 (1993).

Because he was a university professor, petitioner's teaching and research functions at the university were of primary importance. Petitioner's book writing project (which was performed at his home) was of secondary importance. Petitioner did not show that as a university professor he spent more time working at home than at the university. Accordingly, petitioner's principal place of business as a university professor was the university. Moreover, we believe petitioner maintained an office in his home not for the convenience of the university, his employer, but rather for his own convenience. See Cadwallader v. Commissioner, T.C. Memo. 1989-356, affd. 919 F.2d 1273 (7th Cir. 1990); Mathes v. Commissioner, T.C. Memo.

1990-483.  Therefore, we hold that petitioner's use of his home for his book writing project does not qualify it as a home office.[5]

Consistent with his treatment of a portion of his home as a home office, petitioner claimed an $8,585 deduction for the use of his passenger vehicle for business travel and transportation. The claimed "travel expense" consisted of expenses petitioner incurred in driving from his home to various libraries in the State in order to gather material for his book, as well as the expenses he incurred in driving from his home to his office at the university.  Even were we to hold that petitioner's book writing project was a separate business activity and that petitioner maintained a home office, the deduction for these claimed driving expenses would not be allowable because those claimed deductions have not been adequately substantiated.

In general, all ordinary and necessary expenses paid or incurred in carrying on a trade or business during the taxable year are deductible.  Sec. 162(a).  An expense is considered ordinary for these purposes if it is normal or customary within a

_____

[5]Even were we to hold that petitioner's book writing project was separate from his employment as a university professor, petitioner would still not be entitled to the claimed home office deduction because sec. 280A(c)(5) would limit the amount of the home office deduction to the amount of income produced from the book.  The parties do not dispute that in 2003, the tax year in issue, petitioner had not yet written the book and therefore did not have any income from the book writing project.

particular trade, business, or industry. <u>Deputy v. du Pont</u>, 308 U.S. 488, 495 (1940). An expense is considered necessary if it is appropriate or helpful for the development of the business. <u>Commissioner v. Heininger</u>, 320 U.S. 467, 471 (1943). Personal, living, or family expenses, on the other hand, are generally not deductible. Sec. 262. If a taxpayer establishes that he or she paid or incurred a deductible business expense but does not establish the amount of the deduction, we may approximate the amount of the allowable deduction, but we bear heavily against the taxpayer whose inexactitude is of his or her own making. <u>Cohan v. Commissioner</u>, 39 F.2d 540, 543-544 (2d Cir. 1930). For the <u>Cohan</u> rule to apply, however, a basis must exist on which this Court can make an approximation. <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985). Without such a basis, any allowance would amount to unguided largesse. <u>Williams v. United States</u>, 245 F.2d 559, 560 (5th Cir. 1957).

In the case of expenses paid or incurred with respect to travel and certain listed property, section 274 overrides the <u>Cohan</u> rule, and those expenses are deductible only if the taxpayer meets the stringent substantiation requirements of section 274(d). See sec. 280F(d)(4)(A); <u>Sanford v. Commissioner</u>, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). For these expenses, only certain types of documentary evidence will suffice. Passenger automobiles are listed property

under section 280F, and strict substantiation is therefore required.  Sec. 274(d).  No deduction is allowed for any travel or transportation expense unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement the amount of the expense, the mileage for each business use of the automobile and the total mileage for all use of the automobile during the taxable period, the date of the business use, and the business purpose for the use.  Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  Adequate records include the maintenance of an account book, diary, log, statement of expense, trip sheets, and/or other documentary evidence, which, in combination, are sufficient to establish each element of expenditure or use.  Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

Taxpayers may use a standard mileage rate established by the Internal Revenue Service in lieu of substantiating the actual amount of the expenditure.  See sec. 1.274-5(j)(2), Income Tax Regs.  The standard mileage rate is generally multiplied by the number of business miles traveled.  See Rev. Proc. 2002-61, 2002-2 C.B. 616 (in effect for transportation expenses incurred during 2003).  The use of the standard mileage rate establishes only the amount deemed expended with respect to the business use of a passenger automobile.  Sec. 1.274-5(j)(2), Income Tax Regs.  The

taxpayer must still establish the actual mileage, the time, and the business purpose of each use. <u>Nicely v. Commissioner</u>, T.C. Memo. 2006-172; sec. 1.274-5(j)(2), Income Tax Regs.

Petitioner submitted a travel log, consisting of a collection of preprinted forms which he had filled in, showing the details of travel on particular dates. The travel log was not prepared contemporaneously with the claimed business travel but rather was a reconstruction based on petitioner's recollection of travel during 2003. The travel log was prepared after petitioner had been contacted by respondent's agents in connection with an audit of petitioner's 2003 tax return. The travel log was unsupported by any other documentation, such as a calendar or receipts, and petitioner admitted that the log contained several errors. Even if petitioner maintained an office in his home for the convenience of the university (which we find he did not), the travel log does not meet the substantiation requirements of section 274, and petitioner's use of his automobile for his trips to libraries around the State did not generate any business deduction.[6]

Petitioner's claimed transportation expenses reflecting the use of his vehicle to drive from his home to the university were

---

[6]At trial, respondent conceded that other expenses for trips out of State and abroad for the purpose of attending conferences and the like are adequately substantiated and are therefore deductible.

supported only by petitioner's testimony that his office at the university was 5 to 10 miles from his home. We would not allow any deduction for transportation expenses due to this lack of substantiation. Petitioner's use of his vehicle to drive from his home to the university was simply a cost of commuting, a nondeductible expense. See sec. 1.262-1(b)(5), Income Tax Regs.

Most of the excess unreimbursed employee and other miscellaneous expenses deduction petitioner claimed pertains to his home office. The remainder of the deduction consists of expenses incurred for subscriptions to scholarly journals, which respondent conceded at trial are deductible, the cost of meals petitioner shared with colleagues while discussing work-related matters, and the cost of trading stocks petitioner held in his Roth IRA account.[7]

All of the claimed expenses for meals were for meals consumed in College Station, where petitioner worked and resided. Therefore, they were not traveling expenses potentially allowable under section 162(a)(2) as expenses incurred while away from home in pursuit of a trade or business. Furthermore, a deduction for meals and entertainment expenses, like the deduction for travel

---

[7]In his notice of deficiency, respondent disallowed petitioner's claimed $1,550 other miscellaneous expenses deduction (apparently relating to gambling losses) and a $1,950 deduction for a capital loss. Petitioner did not dispute these items in his pleadings or at trial, and we therefore treat these items as conceded by petitioner. See Rule 34(b).

expenses, is subject to the strict substantiation requirements of section 274.  Sec. 274(d)(2).  Petitioner submitted receipts for restaurant meals which show the dates and amounts of the meals but not the business purpose of the meals or the business relationship to petitioner of persons with whom he shared the meals.  See sec. 274(d) (flush language); sec. 1.274-5T(b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  Petitioner's testimony in this regard was vague and unconvincing, and the record does not meet the statutory requirements for substantiation, even if the claimed expense might be allowable if incurred while away from home in pursuit of a trade or business.  The claimed deduction for meals represents a personal expense and is not allowable.  See sec. 1.262-1(b)(5), Income Tax Regs.

Petitioner deducted the trading costs he incurred in purchasing and selling securities held in his Roth IRA.  Petitioner does not claim to be a dealer in securities, nor does he point to any statutory provision that might justify treating his trading costs other than in the usual manner, as additions to, or subtractions from, his basis for purposes of computing gain or loss on sale.  See sec. 1221; Woodward v. Commissioner, 397 U.S. 572, 575 (1970); sec. 1.263(a)-2(e), Income Tax Regs.  These trading costs are not deductible.

In his amended return, petitioner sought to deduct $16,561 under section 179 with respect to the business use of a motor

vehicle. The vehicle is the same one petitioner used for travel and transportation, and the business use claimed is the book writing project.

Amounts paid to acquire machinery, equipment, and similar property having a useful life substantially beyond the taxable year are capital expenditures and generally are not deductible. Sec. 263(a)(1); sec. 1.263(a)-2, Income Tax Regs. If the capital expenditure is for property used in a trade or business or held for the production of income, the taxpayer may be allowed a deduction for depreciation under section 167. See, e.g., INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 83-84 (1992). Alternatively, the cost may be expensed pursuant to section 179 if the requirements of that section are satisfied. The cost may not be expensed, however, in the absence of an election. Sec. 179(c); Visin v. Commissioner, T.C. Memo. 2003-246; sec. 1.179-5, Income Tax Regs. Furthermore, section 179 limits the amount of the deduction to the amount of taxable income derived from the trade or business, although a disallowed deduction may be carried over to later tax years. Sec. 179(b)(3)(A) and (B).

We have already found that petitioner's book writing project was not a separate trade or business. The vehicle was not a capital asset in petitioner's hands, and therefore he is not entitled to depreciate it or to expense any part of its cost under section 179. Even if petitioner's book writing project had

constituted a separate trade or business, the section 179 deduction would not be allowable because petitioner did not have any income from the sale of the book in 2003.[8]  Respondent properly disallowed the claimed deduction under section 179.

Petitioner claimed a deduction of $7,250 for charitable contributions--$7,050 of which was for contributions of property and $200 was for cash contributions.  Respondent disallowed all of the deduction for cash contributions and all but $500 of the deduction for contributions of property.

Section 170 allows a deduction for charitable contributions during the taxable year if they are verified as provided in the regulations.  Sec. 170(a)(1).  No deduction is allowed for any contribution of $250 or more unless the taxpayer substantiates the contribution by a contemporaneous written acknowledgment of the contribution by the qualified donee organization.  Sec. 170(f)(8)(A).  This written acknowledgment must state the amount of cash and a description (but not necessarily the value) of any property other than cash the taxpayer donated and whether any consideration was given to the taxpayer.  Sec. 1.170A-13(f)(2), Income Tax Regs.

---

[8]Furthermore, petitioner failed to substantiate the portion of the use of the vehicle that could be attributed to business rather than personal use.

Although petitioner did not present any documentary substantiation of his cash charitable contributions, he testified that he had made such contributions to his local church. We find this part of petitioner's testimony credible. Therefore, the claimed cash contributions totaling $200 are deductible. The claimed deduction for charitable contributions of property was substantiated by receipts from a charitable organization and by receipts showing the acquisition cost to petitioner of some donated property, such as a bicycle and artwork. But petitioner did not substantiate the date-of-donation value of the property donated to charity. We therefore sustain respondent's determination that the date-of-donation value of the donated property did not exceed $500. Petitioner is therefore entitled to a deduction for contributions of property only in the amount of $500.

As noted supra, respondent determined a section 6662(a) penalty for 2003. Pursuant to section 6662(a) and (b)(1) and (2), a taxpayer is liable for a penalty of 20 percent of the portion of an underpayment of tax attributable to (1) negligence or disregard of rules or regulations, or (2) any substantial understatement of tax. In addition, a taxpayer is liable for the section 6662(a) penalty with respect to the portion of the underpayment of tax attributable to any substantial valuation misstatement under chapter 1. Sec. 6662(b)(3).

Petitioner's claimed $5,094 deduction for home office expenses was based on his belief that his book writing project was a separate activity from his occupation as a university professor.  We are unable to find that petitioner was negligent or disregarded rules or regulations in claiming this deduction. Therefore, while that part of the underpayment of tax attributable to the $5,094 claimed deduction for home office expenses is not subject to the section 6662(a) penalty under section 6662(b)(1), it is part of the substantial understatement of income tax subject to the section 6662(a) penalty under section 6662(b)(2).  The applicability of section 6662(b)(2) to the underpayment attributable to the home office expenses deduction will depend on the magnitude of the understatement of tax as calculated under Rule 155.

Petitioner claimed deductions for business travel and transportation, and for meals and entertainment expense for which he apparently maintained no contemporaneous records.  At trial, petitioner submitted records in support of these deductions that were patently unreliable.  Petitioner further claimed deductions for the trading cost of securities in the absence of any statutory authority for such treatment.  He also claimed a deduction for a vehicle under section 179 even though he had no income from the claimed business activity in which the vehicle allegedly was used.  These deductions were claimed in the absence

of a reasonable attempt to comply with the rules and/or regulations.  Therefore, under section 6662(b)(1), that part of the underpayment attributable to these disallowed deductions is subject to the section 6662(a) penalty even if the parties' Rule 155 computation establishes that there was not a substantial understatement of income tax.

Petitioner claimed a deduction for charitable contributions of property in excess of the $500 we found to be the value of the contributed property.  Again, independently of the outcome of the parties' Rule 155 computation, that part of the underpayment attributable to this substantial valuation misstatement is subject to the section 6662(a) penalty under section 6662(b)(3).

To reflect the foregoing and concessions by the parties,

Decision will be entered under Rule 155.